RFDACTED COPY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED

2009 AU -5 PM 1:48

WESTERN DISTRICT OF TEXAS
U.S. CLERK OFFICE

BY:_____
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Cause No.: |
| | § | |
| | § | **INDICTMENT** |
| v. | § | |
| | § | [COUNT ONE – Vio: 18 U.S.C. §§ |
| | § | 924(a)(1)(A) & 371: Conspiracy to |
| IVAN GONZALEZ-ROMOS, | § | Commit False Statements in Acquisition |
| JESUS CEDILLO, | § | of Firearms; COUNTS TWO |
| EDUARDO RENE RODRIGUEZ, | § | THROUGH EIGHT: 18 U.S.C. §§ |
| JULIAN ELIZONDO, | § | 924(a)(1)(A): Commit False Statement |
| VICTOR PEREZ JR., | § | in Acquisition of Firearms.] |
| SETH CARREON | § | |

THE GRAND JURY CHARGES:

# DR09CR0978

## COUNT ONE
[18 U.S.C. §§ 924(a)(1)(A) & 371]

Beginning on or about June 1, 2008, and continuing through on or about March 2, 2009, in

the Western District of Texas, Defendants

IVAN GONZALEZ-ROMOS,
JESUS CEDILLO,
EDUARDO RENE RODRIGUEZ,
JULIAN ELIZONDO,
VICTOR PEREZ JR.,
SETH CARREON

did willfully, knowingly and unlawfully combine, conspire, confederate and agree together and with

each other and others known and unknown to the grand jury, to make false statements in connection

with the acquisition of firearms from federally licensed firearms dealers in violation of Title 18,

United States Code, Sections 924(a)(1)(A) and 371.

## MEANS AND METHODS OF THE CONSPIRACY

The means and methods employed by Defendants to effect the object of the conspiracy were as follows:

1.    It was part of the conspiracy that Jesus Cedillo recruited Eduardo Rene Rodriguez to illegally purchase firearms for Ivan Gonzalez-Romos.

2.    It was part of the conspiracy that Ivan Gonzalez-Romos hired Eduardo Rene Rodriguez, Victor Perez Jr., and Seth Carreon to illegally purchase firearms.

3.    It was part of the conspiracy that Eduardo Rene Rodriguez hired Julian Elizondo to illegally purchase firearms.

4.    It was part of the conspiracy that the firearms would be illegally purchased by misrepresenting the identity of the true purchaser on the required form; a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) form 4473, Firearms Transaction record.

5.    It was part of the conspiracy that money for these purchases was provided by Ivan Gonzalez-Romos to Jesus Cedillo, Eduardo Rene Rodriguez, Victor Perez Jr., and Seth Carreon.

6.    It was part of the conspiracy that Ivan Gonzalez-Romos would instruct Jesus Cedillo, Eduardo Rene Rodriguez, Victor Perez Jr., and Seth Carreon as to the particular make and model of firearm to purchase.

7.    It was part of the conspiracy that Eduardo Rene Rodriguez would instruct Julian Elizondo as to the particular make and model of firearm to purchase.

8.    It was part of the conspiracy that once the firearms were purchased by Eduardo Rene Rodriguez, Julian Elizondo, Victor Perez Jr., and Seth Carreon, Ivan Gonzalez-Romos would take possession of the firearms.

9.    It was part of the conspiracy that Ivan Gonzalez-Romos would pay Eduardo Rene Rodriguez,

Victor Perez Jr., and Seth Carreon for purchasing the firearms.

10.     It was part of the conspiracy that Jesus Cedillo would pay Eduardo Rene Rodriguez for purchasing the firearms.

11.     It was part of the conspiracy that Eduardo Rene Rodriguez would pay Julian Elizondo for purchasing the firearms.

## OVERT ACTS

As part, and in furtherance of the conspiracy, overt acts were committed in the Western District of Texas including, but not limited to, the following:

1.     On or before June 28, 2008, defendant Jesus Cedillo (hereinafter "Cedillo") asked Eduardo Rene Rodriguez (hereinafter "Rodriguez") if he was interested in making money by purchasing firearms for Cedillo's friend, Ivan Gonzalez-Romos (hereinafter "Gonzalez"). Rodriguez agreed to do so.

2.     On or before June 28, 2008, Cedillo provided several thousand dollars for Rodriguez to use to purchase firearms.

3.     On or about June 28, 2008, Rodriguez went to Hesles Store #1 d/b/a Hesles Gun and Knives Store (hereinafter "Hesles"), 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase two (2) rifles on behalf of Gonzalez. When purchasing the firearms, Rodriguez represented to the dealer that he was the true purchaser of the firearms when, in truth and in fact, Gonzalez was the true purchaser of the firearms. Cedillo later paid Rodriguez $400 for purchasing the firearms.

4.     On or about July 31, 2008, Rodriguez went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one (1) rifle on behalf of Gonzalez. When purchasing the firearm, Rodriguez represented to the dealer that he was the true purchaser of the

firearms when, in truth and in fact, Gonzalez was the true purchaser of the firearm.

5. On or before October 11, 2008, Cedillo asked Rodriguez if he was interested in purchasing additional firearms for Gonzalez. Rodriguez agreed to do so.

6. On or before October 11, 2008, Rodriguez asked Julian Elizondo (hereinafter "Elizondo") to purchase firearms for Rodriguez. Elizondo agreed to do so.

7. On or about October 11, 2008, Elizondo went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase two (2) rifles on behalf of Gonzalez. When purchasing the firearms, Elizondo represented to the dealer that he was the true purchaser of the firearms when, in truth and in fact, Gonzalez was the true purchaser of the firearms. Rodriguez later paid Elizondo $200 for purchasing the firearms.

8. On or before June 28, 2008, Gonzalez asked Victor Perez Jr. (hereinafter "Perez") to purchase firearms for Gonzalez. Perz agreed to do so.

9. On or about June 28, 2008, Perez went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase two (2) firearms on behalf of Gonzalez. When purchasing the firearms, Perez represented to the dealer that he was the true purchaser of the firearms when, in truth and in fact, Gonzalez was the true purchaser of the firearms.

10. On or about March 2, 2009, Perez went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one (1) rifle on behalf of Gonzalez. When purchasing the firearm, Perez represented to the dealer that he was the true purchaser of the firearm when, in truth and in fact, Gonzalez was the true purchaser of the firearm.

11. On or before November 3, 2008, Gonzalez asked Seth Carreon (hereinafter "Carreon") to purchase firearms for Gonzalez. Carreon agreed to do so.

12. On or about November 3, 2008, Carreon went to Hesles, 246 E. Main Street, Eagle Pass,

Texas, a federally licensed firearms dealer, to purchase one (1) rifle on behalf of Gonzalez. When purchasing the firearm, Carreon represented to the dealer that he was the true purchaser of the firearm when, in truth and in fact, Gonzalez was the true purchaser of the firearm.

13.     On or about March 2, 2009, Carreon went to Hesles, 246 E. Main Street, Eagle Pass, Texas, a federally licensed firearms dealer, to purchase one (1) pistol on behalf of Gonzalez. When purchasing the firearm, Carreon represented to the dealer that he was the true purchaser of the firearm when, in truth and in fact, Gonzalez was the true purchaser of the firearm.

All in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 371.

COUNT TWO
[18 U.S.C. § 924(a)(1)(A)]

That on or about June 28, 2008, in the Western District of Texas, Defendant,

EDUARDO RENE RODRIGUEZ,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual buyer of the firearms indicated on the form, when in fact he was not the actual buyer of these firearms, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT THREE

### [18 U.S.C. § 924(a)(1)(A)]

That on or about July 31, 2008, in the Western District of Texas, Defendant,

### EDUARDO RENE RODRIGUEZ,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual buyer of the firearm indicated on the form, when in fact he was not the actual buyer of this firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FOUR

### [18 U.S.C. § 924(a)(1)(A)]

That on or about October 11, 2008, in the Western District of Texas, Defendant,

### JULIAN ELIZONDO,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual buyer of the firearms indicated on the form, when in fact he was not the actual buyer of these firearms, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT FIVE

[18 U.S.C. § 924(a)(1)(A)]

That on or about June 28, 2008, in the Western District of Texas, Defendant,

VICTOR PEREZ JR.,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual buyer of the firearms indicated on the form, when in fact he was not the actual buyer of these firearms, in violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNT SIX

[18 U.S.C. § 924(a)(1)(A)]

That on or about March 9, 2009, in the Western District of Texas, Defendant,

VICTOR PEREZ JR.,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual buyer of the firearm indicated on the form, when in fact he was not the actual buyer of this firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

COUNT SEVEN

[18 U.S.C. § 924(a)(1)(A)]

That on or about November 3, 2008, in the Western District of Texas, Defendant,

SETH CARREON,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual buyer of the firearm indicated on the form, when in fact he was not the actual buyer of this firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

COUNT EIGHT

[18 U.S.C. § 924(a)(1)(A)]

That on or about March 2, 2009, in the Western District of Texas, Defendant,

SETH CARREON,

knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Hesles Store #1 d/b/a Hesles Gun and Knives Store, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, in that Defendant executed a Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, representing that he was the actual buyer of the firearm indicated on the form, when in fact he was not the actual buyer of this firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

A TRUE BILL.

JOHN E. MURPHY
Acting United States Attorney

By: _____
BENJAMIN D. SEAL
Assistant United States Attorney

SEALED:

UNSEALED: XX

DR09CR0978

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### DEL RIO DIVISION

COUNTY: MAVERICK          USAO #: 2009R14281

DATE: August 5, 2009      MAG. CT. #: MATTER-01

AUSA: BENJAMIN D. SEAL

DEFENDANT: IVAN GONZALEZ-ROMOS

CITIZENSHIP: United States

INTERPRETER NEEDED: No    Language: English

DEFENSE ATTORNEY: Not Available

ADDRESS OF ATTORNEY: Not Available

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT.

OFFENSE: (Code & Description): Count 1- 18 U.S.C. § 924(a)(1)(A) & 371: Conspiracy to Commit False Statements in Acquisition of Firearms; Count 2 - 18 U.S.C. §924(a)(1)(A) Commit False Statement in Acquisition of Firearms.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: For each count - minimum 5 years imprisonment; up to $250,000 fine; up to 3 years of supervised release.

PENALTY IS MANDATORY: YES & NO

REMARKS: See above          W/DT-CR-3

SEALED:

UNSEALED: XX

# DR09CR0978

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: MAVERICK

USAO #: 2009R14281

DATE: August 5, 2009

MAG. CT. #: MATTER-02

AUSA: BENJAMIN D. SEAL

DEFENDANT: JESUS CEDILLO

CITIZENSHIP: United States

INTERPRETER NEEDED: No        Language: English

DEFENSE ATTORNEY: Not Available

ADDRESS OF ATTORNEY: Not Available

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT.

OFFENSE: (Code & Description): Count 1- 18 U.S.C. § 924(a)(1)(A) & 371: Conspiracy to Commit False Statements in Acquisition of Firearms; Count 2 - 18 U.S.C. §924(a)(1)(A) Commit False Statement in Acquisition of Firearms.

OFFENSE IS A:  FELONY

MAXIMUM SENTENCE: For each count - minimum 5 years imprisonment; up to $250,000 fine; up to 3 years of supervised release.

PENALTY IS MANDATORY: YES & NO

REMARKS:  See above          W/DT-CR-3

SEALED:

UNSEALED: XX

DR09CR0978

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### DEL RIO DIVISION

COUNTY: MAVERICK          USAO #: 2009R14281

DATE: August 5, 2009      MAG. CT. #: MATTER-03

AUSA: BENJAMIN D. SEAL

DEFENDANT: EDUARDO RENE RODRIGUEZ

CITIZENSHIP: United States

INTERPRETER NEEDED: No      Language: English

DEFENSE ATTORNEY: Not Available

ADDRESS OF ATTORNEY: Not Available

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT.

OFFENSE: (Code & Description): Count 1 - 18 U.S.C. § 924(a)(1)(A) & 371: Conspiracy to Commit False Statements in Acquisition of Firearms; Count 2 - 18 U.S.C. §924(a)(1)(A) Commit False Statement in Acquisition of Firearms.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: For each count - minimum 5 years imprisonment; up to $250,000 fine; up to 3 years of supervised release.

PENALTY IS MANDATORY: YES & NO

REMARKS: See above          W/DT-CR-3

SEALED:

UNSEALED: XX

# DR09CR0978

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: <u>MAVERICK</u>          USAO #: <u>2009R14281</u>

DATE: <u>August 5, 2009</u>          MAG. CT. #: <u>MATTER-04</u>

AUSA: <u>BENJAMIN D. SEAL</u>

DEFENDANT: <u>JULIAN ELIZONDO</u>

CITIZENSHIP: <u>United States</u>

INTERPRETER NEEDED: <u>No</u>      Language: <u>English</u>

DEFENSE ATTORNEY: <u>Not Available</u>

ADDRESS OF ATTORNEY: <u>Not Available</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>.

OFFENSE: (Code & Description): <u>Count 1- 18 U.S.C. § 924(a)(1)(A) & 371: Conspiracy to Commit False Statements in Acquisition of Firearms; Count 2 - 18 U.S.C. §924(a)(1)(A) Commit False Statement in Acquisition of Firearms.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>For each count - minimum 5 years imprisonment; up to $250,000 fine; up to 3 years of supervised release.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>See above</u>          W/DT-CR-3

SEALED:

UNSEALED: XX

**DR09CR0978**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### DEL RIO DIVISION

COUNTY: MAVERICK          USAO #: 2009R14281

DATE: August 5, 2009          MAG. CT. #: MATTER-05

AUSA: BENJAMIN D. SEAL

DEFENDANT: VICTOR PEREZ JR.

CITIZENSHIP: United States

INTERPRETER NEEDED: No          Language: English

DEFENSE ATTORNEY: Not Available

ADDRESS OF ATTORNEY: Not Available

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT.

OFFENSE: (Code & Description): Count 1 - 18 U.S.C. § 924(a)(1)(A) & 371: Conspiracy to Commit False Statements in Acquisition of Firearms; Count 2 - 18 U.S.C. §924(a)(1)(A) Commit False Statement in Acquisition of Firearms.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: For each count - minimum 5 years imprisonment; up to $250,000 fine; up to 3 years of supervised release.

PENALTY IS MANDATORY: YES & NO

REMARKS: See above          W/DT-CR-3

SEALED:

UNSEALED: XX

DR09CR0978

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DEL RIO DIVISION

COUNTY: MAVERICK

DATE: August 5, 2009

AUSA: BENJAMIN D. SEAL

DEFENDANT: SETH CARREON

CITIZENSHIP: United States

INTERPRETER NEEDED: No     Language: English

DEFENSE ATTORNEY: Not Available

ADDRESS OF ATTORNEY: Not Available

USAO #: 2009R14281

MAG. CT. #: MATTER-06

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT.

OFFENSE: (Code & Description): Count 1 - 18 U.S.C. § 924(a)(1)(A) & 371: Conspiracy to Commit False Statements in Acquisition of Firearms; Count 2 - 18 U.S.C. §924(a)(1)(A) Commit False Statement in Acquisition of Firearms.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: For each count - minimum 5 years imprisonment; up to $250,000 fine; up to 3 years of supervised release.

PENALTY IS MANDATORY: YES & NO

REMARKS: See above          W/DT-CR-3